**In the Matter of Richard WELLINS, a Witness before the Grand Jury.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Richard WELLINS, Defendant-Appellant.**

**No. 80–1532.**

United States Court of Appeals, Ninth Circuit.

Sept. 11, 1980.

Victor Sherman, Nasatir, Sherman, Hirsch & Re, Los Angeles, Cal., Alan I. Karten, Miami, Fla., on brief, for defendant-appellant.

James P. Walsh, Jr., Asst. U.S. Atty., Robert L. Brosio, Andrea Sheridan Ordin, Los Angeles, Cal., on brief, for plaintiff-appellee.

Before FLETCHER, ALARCON and CANBY, Circuit Judges.

ALARCON, Circuit Judge:

Richard Wellins has appealed from the order of the district court adjudging him in contempt for his refusal to testify as a witness before the Grand Jury after having been granted use immunity.

Wellins contends that he should not be compelled to testify before the Grand Jury because of the promise made to him by agents of the government that "information supplied by appellant would be kept confidential between the office of the United States Attorney and the DEA." (Appellant's opening brief page 6 lines 11–12) We disagree. No promise was made to Wellins that he would not be required to testify before the Grand Jury.

District Court Judge Manuel L. Real found Wellins in contempt and ordered him incarcerated until he decided to testify or for "the life of the Grand Jury, whichever is shortest" on August 11, 1980. Notice of appeal was filed in this court on August 12, 1980. No testimony was presented to Judge Real by either side at the hearing on the order to show cause as to whether Wellins should not be held in contempt for his refusal to testify before the Grand Jury on July 30, 1980, despite the July 29, 1980 order of the district court which granted him use immunity pursuant to 18 U.S.C. Section 6002. Judge Real acted, after listening to argument, on the basis of memoranda submitted by counsel and the comments made by Judge William Matthew Byrne, Jr. on March 11, 1980 following a protracted evidentiary hearing in Judge Byrne's court on appellant's pretrial motions arising out of his indictment in a related matter.

As Judge Real construed Judge Byrne's comments, Wellins was promised that the information disclosed by Wellins would be

kept confidential by the *DEA*. Judge Real concluded that such an agreement prevented disclosure by the DEA or the United States Attorney but did not preclude calling Wellins as a witness before the Grand Jury. The transcript of the testimony heard by Judge Byrne was not presented to Judge Real nor considered by him. Before this court, the parties have stipulated that the transcript of the proceedings before Judge Byrne be made a part of the record in the instant matter.

We have reviewed the entire transcript. The facts presented to Judge Byrne support his finding that Wellins was told, "Your statement will be confidential, and whatever you tell us will be kept confidential between the DEA and the United States Attorney's Office". (Reporter's transcript page 750 lines 22–25) On the basis of the evidence presented to him, Judge Byrne granted Wellins' motion to suppress physical evidence seized contemporaneously with his arrest and all statements made following the promise of confidentiality.

On this appeal Wellins points out that Judge Byrne, in a colloquy with the prosecutor, observed "I don't know how you could keep that agreement and have him testify." This comment was extraneous to the issues before the court. Wellins had not yet been called before the Grand Jury. The issue was neither argued nor briefed. We reject Wellins' contention that Judge Real was bound, in any way, by Judge Byrne's interpretation of the legal effect of the agreement on the refusal of Wellins to testify before the Grand Jury on July 30, 1980 or in response to Judge Real's August 11, 1980 order.

The testimony presented to Judge Byrne shows that at the time the promise of confidentiality was made to Wellins, he was primarily concerned with the possibility that he might be in danger if it were revealed that in exchange for his freedom he had made statements to the DEA agents implicating his alleged co-conspirators. On the other hand, the officers were eager to find out the present location of 200 kilograms of cocaine. Under such circumstances, we doubt that Wellins or the agents gave much thought to the legal significance of the ambiguous words they used to attain their discrete objectives.

In resolving this dispute, it is our task to construe the words used to try, if possible, to carry out the intention of the parties in light of all the facts and surrounding circumstances presented in the testimony heard before Judge Byrne. As we view the evidence, Wellins was willing to provide certain information if the fact that he had cooperated with the DEA and the United States Attorney's Office was kept confidential. His cooperation was accepted on these terms. How can these promises be enforced in a manner which is fair to both sides? This agreement can be enforced in several ways. First, no government witness should be permitted to testify in any proceeding as to the content of any statement made by Wellins as the result of the agreement. See *People v. Braeseke*, 25 Cal.3d 691, 702–704, 159 Cal.Rptr. 684, 602 P.2d 384 (1979). This relief has already been granted by Judge Byrne insofar as any prosecution against Wellins is concerned. Second, no government witness should be permitted to testify as to whether Wellins has cooperated with the DEA or the United States Attorney. Third, Wellins may refuse to answer any question which would disclose or tend to disclose that he gave any information to the government or that he cooperated in any manner with the DEA or the United States Attorney. The construction we have placed on the agreement would give Wellins full protection from further disclosure of any statements he may have made or any cooperation he may have afforded the government. In view of his present refusal to testify as a witness and his incarceration therefor, no co-conspirator can now rationally believe that he is presently cooperating with the government or voluntarily disclosing any information.

In sum, we agree with Judge Real that no promise was made to Wellins that he would not be called to testify. Absent some privilege, the public has a right to

every man's evidence. *United States v. Burr*, 25 F.Cas. 38, No. 14,692e (C.C.Va. 1807). As noted in *United States v. Mandujano*, 425 U.S. 564, 572, 96 S.Ct. 1768, 1774, 48 L.Ed.2d 212 (1975), "the duty to give evidence to a grand jury is therefore conditional; every person owes society his testimony, unless some recognized privilege is asserted." In the matter before us Wellins has already been granted use immunity. Thus there is no Fifth Amendment issue presented by these facts. The fact that Wellins' statements were made in confidence does not create a privilege. 8 Wigmore Evidence Section 2286 (McNaughton rev. 1961).

Appellant's reliance on the district court's decision in *Matter of Doe*, 410 F.Supp. 1163 (E.D.Mich. 1976) is misplaced. In that matter a witness called before the grand jury had been promised by an F.B.I. agent that he would not be required to testify if he surrendered contraband to the government. The court held that the promise was binding on the United States Attorney. In effect the court ordered specific performance of the precise terms of the agreement. In the matter before us Judge Byrne did not believe that portion of Wellins' testimony wherein he told the court that he had been promised that he would not be required to testify.

The fact that we have concluded that Wellins stands in the shoes of any other percipient witness granted use immunity and must testify before the Grand Jury should not be construed as approval of the manner in which his statements or his cooperation were obtained.

This matter is remanded to the district court with the limited direction that the court admonish appellant that he must testify as a witness before the Grand Jury but that he need not answer any questions as to what was the content of any statements he made to the DEA agents or whether he made any statements or furnished any information to DEA agents in reliance upon any agreement he may have made with the DEA agents nor may he be required to disclose whether he cooperated or the ex-

tent or nature of any cooperation he may have extended to the government. The protection to which he is entitled is that which prevents others from determining whether he cooperated with the government and the extent of the cooperation. The information he may have about the subject matter of the Grand Jury inquiry is not protected.

Pursuant to Rule 3(a) of the Rules of the Ninth Circuit, it is the unanimous opinion of this panel that oral argument is not required for the disposition of this appeal.

Mandate shall issue forthwith.